**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**


ORDER OF ABATEMENT

Appellate case name:          DJ Christopher Lowe v. The State of Texas

Appellate case number:      01-14-00158-CR

Trial court case number:     10-DCR-055397

Trial court:                         400th Judicial District Court of Fort Bend County

On January 8, 2015, this Court ordered appellant's appointed counsel, Mark W. Racer, to file a motion to withdraw and *Kelly* notice, and mail an updated cover letter to the appellant, as required to accompany his *Anders* brief, within 15 days of the date of that order with the Clerk of this Court. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (requiring appointed counsel to provide notification to his client of his motion to withdraw and *Anders* brief along with informing him, among other things, of his right to request a copy of the record to file a *pro se* response and providing a form motion). Because appellant's counsel did not timely file a motion or *Kelly* notice, the Clerk of this Court notified appellant's counsel on April 30, 2015, that if he failed to file the motion and *Kelly* notice within 10 days of the date of the notice to counsel, this Court would be required to abate this case and order the trial court to conduct a hearing on the record, pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), to determine, among other things, whether counsel abandoned the appeal. Appellant's appointed counsel, Mark W. Racer, has not timely filed a motion to withdraw or a *Kelly* notice with the Clerk of this Court.

We therefore sua sponte abate this appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel, Mark W. Racer, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant

is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Mark W. Racer has abandoned this appeal;

(3) if counsel Mark W. Racer has not abandoned this appeal:

    a. inquire of counsel the reasons, if any, for his failure to file a motion to withdraw and *Kelly* notice; and

    b. set a date certain when appellant's a motion to withdraw and *Kelly* notice, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Mark W. Racer has abandoned this appeal, enter a written order relieving Mark W. Racer of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;

    b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or,

        ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2014); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court **shall set a hearing date no later than 30 days from the date of this Order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 30 days of the date of the hearing**. The court reporter is directed to file a supplemental reporter's record of the hearing **within 30 days of the date of the hearing**. If the hearing is conducted by video teleconference and electronically recorded, a certified video recording of the hearing shall also be filed in this Court **within 30 days of the date of this hearing**.

If Mark W. Racer files a motion to withdraw and *Kelly* notice in this Court and a copy of such motion and notice in the trial court, which comply with Texas Rules of Appellate Procedure 6.5 and 9 and *Kelly*, 436 S.W.3d at 319–20, **no later than 10 days from the date of this Order**, together with a motion requesting that we withdraw this Order, we may reconsider and withdraw this Order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing, if any, that comply with this Court's Order are filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Evelyn V. Keyes
⊠ Acting individually    ☐ Acting for the Court

Date: June 2, 2015

3